THOMAS E. CRAWLEY *v.* JOHN LEONARD *et al.*

COMMON SCHOOL. *Board of Directors. Teachears.* Under the common school laws, a valid contract for teaching cannot be made without the approval of the board of directors in office at the time the contract is signed by the teachers.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. FRANK T. REID, J.

F. R. BURRUS Crawley.

M. T. BRYAN for Leonard.

COOPER, J., delivered the opinion of the court.

Petition for a *mandamus* to compel the defendants' Leonard and Power, as directors of the 13th School District of Davidson county, to re-instate the petitioner as a teacher, and to issue to him warrants for his salary. The circuit judge dismissed the petition, and the petitioner appealed in error.

The petitioner claims that he was, in August, 1880, appointed by the board of directors of the 13th School District as a teacher of the Mt. Nebo school for the ensuing scholastic year, and that he entered into a valid contract with them, as required by law, during that month. The defendants deny that the petitioner was appointed as claimed, and say that the written

contract was not executed by him until September 3, 1880, at which time the new board, which went into office on the first of that month, had appointed another teacher.

On August 16, 1880, a meeting of the then board of directors was held for the purpose of appointing teachers, and several were then appointed, and within a few days thereafter enteied into written contracts as required by law.    No appointment of a teacher for the Mt. Nebo school was made at that meeting, but it was agreed by the two members then present, constituting a majority of the board, that if the Mt. Nebo school was opened, the petitioner should be the teacher. In a few days afterwards, without any other meeting of the board, these two directors came to the conclusion that the school should be opened, and one of them drew up a written contract with the petitioner, which was signed by both directors and left at a particular place in Nashville for the petitioner.    It does not appear that the petitioner · had applied for the position, or was present when the board was in session, or when the two members, constituting the majority of the board, were together.    On the contrary, a letter from him to the pastor of the Mt. Nebo church, of the date of August 10, 1880, is introduced as evidence, in which he says: "I have not applied for your school and will not apply for it."    The letter gives as a reason that the people of the neighborhood were against him, and he would not teach anywhere unless the people wanted him.    Three witnesses, moreover, testify that on the 5th of September, the petitioner told them,

in the presence of each other, that he had signed the written contract on the 3d of that month, and one of them further proves that on September 3d, the petitioner called at his shop, and told him he was on his way to sign the contract. At that time another teacher, appointed by the then majority of the board, was teaching the school, and had been for three or four days. From September 1st, when the new board went into office after the election in August, there could be no valid contract for teaching without its approval.

Affirm the judgment with costs.